**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| JUNE KIM ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 25-cv-00708-LKG |
| ) | |
| v. ) | |
| ) | |
| AMERICAN SOCIETY OF HEALTH- ) | |
| SYSTEM PHARMACISTS, INC., *et al*., ) | |
| ) | |
| Defendants. ) | |

|  |  |
|---|---|
| ) | |
| ALEXIS ALBERT, *et al*., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 25-cv-00673-LKG |
| ) | |
| v. ) | Dated:  April 1, 2025 |
| ) | |
| AMERICAN SOCIETY OF HEALTH- ) | |
| SYSTEM PHARMACISTS, INC., *et al*., ) | |
| ) | |
| Defendants. ) | |

**CONSOLIDATION AND SCHEDULING ORDER**

The Plaintiffs in the above-captioned civil matters have filed Notices of Intent to File a Motion Consolidate and Appoint Interim Class Counsel under Fed. R. Civ. P. 42(a)(2) and 23(g). *See Kim v. American Society of Health-System Pharmacists, Inc., et al*., No. 25-cv-00708 (the "*Kim* Action") at ECF No. 16; *see Albert v. American Society of Health-System Pharmacists, Inc., et. al*, No. 8:25-cv-00673-LKG (the "*Albert* Action") at ECF No. 11. The Plaintiffs represent that they have conferred with counsel for Defendants American Society of Health-System Pharmacists, Inc. ("ASHP"), Johns Hopkins Hospital, Allegheny General Hospital, Queens Health System, the Regents of the University of California ("Regents"), and The Nemours Foundation regarding the proposed motion and that these Defendants either do not

oppose or take no position on the proposed motion. *See Kim* Action at ECF No. 16 at 2; *see Albert* Action at ECF No. 11 at 3.

Pursuant to Fed. R. Civ. P. 42, the Court may consolidate matters that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The Court has broad discretion to decide whether consolidation under Rule 42(a) is appropriate. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp*., 559 F.2d 928, 933 (4th Cir. 1977). In making such a determination, the Court balances the time and effort saved by consolidating against any inconvenience or prejudice consolidation would cause the litigants. *McCoy v. Biomet Orthopedics, LLC*, ELH-12-1436, ELH-19-607, 2019 WL 6324558, at *5 (D. Md. Nov. 25, 2019).

The Plaintiffs represent to the Court that the two cases involve common questions of law and fact. *See Kim* Action at ECF No. 16 at 1; *see Albert* Action at ECF No. 11 at 2-3. In this regard, the Plaintiffs state that each action is brought against Defendant ASHP, Defendant National Matching Services, Inc. and a consortium of employers of pharmacy residents. *Id*. Both matters also assert the same claims under the Sherman Act, 15 U.S.C. § 1, and common questions of law and fact regarding, among other things: (1) whether the defendants entered into the alleged agreements, (2) how the matching algorithm operates, (3) whether Plaintiffs and the proposed Class members were harmed, and (4) the proper method for calculating damages. *Id.* (citing *Harris v. Biomet Orthopedics, LLC*, No. CV ELH-17-747, 2019 WL 6117358, at *8 (D. Md. Nov. 18, 2019)).

The Plaintiffs also state in their Notices that consolidation would streamline discovery on these common legal and factual questions. *Id*. Lastly, the Plaintiffs assert that consolidation is appropriate because these matters are in the same early stage of litigation, and no briefing or discovery has occurred in either case.

In light of the foregoing, and for good cause show, the Court:

(1) **CONSOLIDATES** the following cases pursuant to Fed. R. Civ. P. 42(a)(2): (1) *Kim v. American Society of Health-System Pharmacists, Inc., et al*., No. 25-cv-00708; and (2) *Albert v. American Society of Health-System Pharmacists, Inc., et. al*, No. 8:25-cv-00673-LKG;

(2) **DIRECTS** that the parties shall proceed and make all future filings under the lead case, *Albert v. American Society of Health-System Pharmacists, Inc., et. al*, No. 8:25-cv-00673-LKG;

(3) **HOLDS-IN-ABEYANCE** the Plaintiffs' motion to appoint class counsel, pending the briefing of their motion to appoint class counsel; and

(4) **DIRECTS** the parties to adhere to the following schedule for the briefing of motion to appoint class counsel:

| | |
|---|---|
| Plaintiffs' motion to appoint class counsel | **April 25, 2025** |
| Defendants' response in opposition | **May 9, 2025** |
| Reply brief. | **May 16, 2025** |

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

3